IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRIAN KEITH McGILL, #1307919, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | 3:08-CV-0737-G |
| | ) | |
| NATHANIEL QUARTERMAN, Director, | ) | |
| Texas Department of Criminal Justice, | ) | |
| Correctional Institutions Division, | ) | |
|     Respondent. | ) | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. §636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type Case: This is a *pro se* petition for a writ of habeas corpus brought by a state prisoner pursuant to 28 U.S.C. § 2254.

Parties: Petitioner is presently incarcerated within the Texas Department of Criminal Justice -- Correctional Institutions Division (TDCJ-CID) at the Allred Unit in Iowa Park, Texas. Respondent is the TDCJ-CID Director. The Court did not issue process in this case, pending preliminary screening.

Statement of the Case: Petitioner pled guilty to the offenses of unauthorized use of a motor vehicle (UUMV) and possession with intent to deliver cocaine in the 292th District Court of Dallas County, Texas, in Cause Nos. F04-57617 and F04-58422. On June 3, 2005,

punishment was assessed at ten years and twenty-five years imprisonment respectively. The court of appeals affirmed his convictions in separate opinions. *See McGill v. State*, No. 05-05-00903-CR, (Tex. App. – Dallas Aug. 22, 2006, no pet.), http://www.courtstuff.com/FILES/05/05/05050903.HTM; *McGill v. State*, No. 05-05-00904-CR, (Tex. App. – Dallas Aug. 22, 2006, no pet.), http://www.courtstuff.com/FILES/05/05/05050904.HTM.

Petitioner unsuccessfully sought habeas relief in both state and federal court. *See McGill v. Quarterman*, No. 3:06cv1705-G (N.D. Tex., Dallas Div. filed Sep. 18, 2006), findings and conclusions of magistrate judge accepted (Nov. 1, 2006) (dismissing federal habeas petition challenging both convictions as unexhausted); *McGill v. Quarterman*, No. 3:07cv1390-M (filed Aug. 13, 2007), findings and conclusions of magistrate judge accepted (Feb. 25, 2008) (denying federal petition challenging UUMV conviction on merits); *McGill v. Quarterman*, No. 3:07cv1439-M (filed Aug. 13, 2007), findings and conclusions of magistrate judge accepted (Oct. 15, 2007) (dismissing federal habeas petition challenging UUMV conviction for failure to exhaust state court remedies). Petitioner did not appeal to the Court of Appeals for the Fifth Circuit.

In the present petition for a writ of habeas corpus, filed on April 28, 2008, Petitioner again seeks to challenge his conviction for unlawful possession of a controlled substance in No. F04-58422. In five grounds, he alleges ineffective assistance of counsel, illegally obtained evidence, denial of a trial by jury, and actual innocence. (Pet. at 7-8).

Findings and Conclusions: The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which a petitioner may file a second or successive application for

2

post-conviction relief. *See* 28 U.S.C. § 2244(b) (West 2007). A petitioner must show that the successive application is based on: (1) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, or (2) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found him guilty of the offense. *See* 28 U.S.C. § 2244(b)(2). Before a petitioner files his application in the district court, a three-judge panel of the Fifth Circuit Court of Appeals must determine whether the application makes the requisite prima facie showing. *See* 28 U.S.C. § 2244(b)(3)(A) and (B). In *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000), the Fifth Circuit held that § 2244(b)(3)(A) constitutes a bar to a district court's jurisdiction to consider a successive habeas petition unless the Fifth Circuit has granted the petitioner permission to file such a petition. *See also Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003).

The Fifth Circuit has not issued an order authorizing this court to consider the successive petition in this case. Petitioner must obtain such an order before he can file another petition for habeas relief under § 2254. Therefore, this petition should be dismissed for want of jurisdiction. Such a dismissal, however, is without prejudice to Petitioner's right to file a motion for leave to file a second or successive § 2254 petition in the United States Court of Appeals for the Fifth Circuit pursuant to § 2244(b)(3)(A). *See In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997) (setting out the requirements for filing a motion for authorization to file a successive habeas petition in the Fifth Circuit Court of Appeals).

RECOMMENDATION:

For the foregoing reasons it is recommended that the petition for writ of habeas corpus be DISMISSED for want of jurisdiction, but without prejudice to Petitioner's right to file a motion for leave to file a second or successive § 2254 petition in the United States Court of Appeals for the Fifth Circuit pursuant to 28 U.S.C. § 2244(b)(3)(A).

The Clerk will mail a copy of this recommendation to Petitioner.

Signed this 21st day of , 2008.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.